### In the Matter of Gerald J. REGENAUER.

### No. 98S00–0507–DI–310.

Supreme Court of Indiana.

Aug. 16, 2005.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Su-

preme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating agreed facts and proposed discipline as summarized below:

**Facts:** Respondent is currently suspended as a result of his failure to cooperate in this matter. Under Count 1, in February 2003, a client hired respondent to represent her and her husband in a stepparent adoption. The client paid a $350 attorney fee plus a $110 filing fee. The client's ex-husband was willing to consent to the adoption and the client so informed respondent. Despite efforts to contact respondent, the ex-husband was never able to sign a consent to the adoption. The client also was unable to contact respondent. Respondent performed no work on the matter and only recently refunded the money the client paid to him.

Count 2 explains respondent's failure to perform. In about June 2003, respondent left Indiana for Wisconsin without any notice to his clients. This resulted in the judge of the Circuit Court appointing an attorney to inventory respondent's files and take protective action on behalf of respondent's clients.

Under Count 3, respondent was arrested for driving while intoxicated and public intoxication in August of 2002.

We also note that once in Wisconsin respondent was involved in an unrelated accident that left him in a coma for ten days. Respondent is still undergoing rehabilitation for the after-effects of his injury, and concedes he is currently not able to competently carry out the duties and responsibilities of an attorney.

**Violations:** Respondent's conduct violated Ind. Professional Conduct Rule 1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client; Prof.Cond.R. 1.4(a), which requires a lawyer to keep clients reasonably informed about the status of a matter and promptly comply with reasonable requests for information; Prof.Cond.R. 1.16(c), which prohibits a lawyer from abandoning his law practice without seeking leave to withdraw; Prof.Cond.R. 1.16(d), which requires a lawyer to take reasonable steps to protect client's interests and refund unearned fees upon termination of representation; Prof.Cond.R. 3.2, which requires a lawyer to expedite litigation; 8.1(b), which requires a lawyer to respond to a lawful demand for information from a disciplinary authority; and Prof.Cond.R. 8.4(b), which prohibits a lawyer from committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

**Discipline:** Indefinite suspension, commencing retroactively to October 24, 2003, the date of respondent's noncooperation suspension. Respondent is eligible to seek reinstatement at any time following the date of this Order.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent. The Court further finds that with the acceptance of this agreement the hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

All Justices concur.